IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STELLA SALAS, §
    PLAINTIFF, §
 §
VS. § CIVIL ACTION NO. 4:07-CV-442-Y
 §
MICHAEL J. ASTRUE, §
COMMISSIONER OF SOCIAL SECURITY, §
    DEFENDANT. §

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND
### NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

A.    STATEMENT OF THE CASE

Plaintiff Stella Salas filed this action for judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. *See* 42 U.S.C. § 405(g). Salas applied for disability insurance benefits on May 19, 2005, alleging disability commencing December 15, 2001, due to osteoporosis and depression. (Tr. 50, 73, 77). Salas maintained her insured status through December 2003 ; therefore, she must prove the onset of disability on or before that date to be entitled to disability insurance benefits. (Tr. 17, 75). Evidence of onset of an impairment or deterioration of a

previously non-disabling condition after expiration of a claimant's insured status does not entitle a claimant to benefits. *See Owens v. Heckler*, 770 F.2d 1276, 1280 (5th Cir. 1985); *Oldham v. Schweiker*, 660 F.2d 1078, 1080 n.1 (5th Cir. 1981).

After the Social Security Administration denied her application for benefits both initially and on reconsideration, Salas requested a hearing before an administrative law judge (the "ALJ"). (Tr. 33). ALJ J. Frederick Gatzke held a hearing on September 29, 2006, in Fort Worth, Texas. (Tr. 166). Salas attended the hearing and waived her right to representation. On January 26, 2007, the ALJ issued a decision that Salas was not disabled because she was capable of performing her past relevant work. (Tr. 15-20). The Appeals Council denied Salas's request for review, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 3).

B.      STANDARD OF REVIEW

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000); *Hollis*, 837 F.2d at 1383.

C.  ISSUES

   1. Whether the ALJ erred in failing to address the issue of Salas's obesity; and

   2. Whether the ALJ should have addressed the issue of Salas's disability after 2003.

D.  ADMINISTRATIVE RECORD

   1. Treatment History

Salas's treatment records reflect her complaints of cervical pain radiating into her right arm and hand; back pain radiating into her hips and legs; headaches; depression; decreased energy; loss of sleep; and tinnitus. (Tr. 17, 96-101). She received chiropractic treatment for her complaints and was instructed on home exercises and a stretching program. (Tr. 17-18, 96-101). The chiropractic progress notes indicate slow improvement in Salas's complaints of pain in her pelvis and lower extremities, but more significant improvement in all other regions. (Tr. 148).

A bone-density study on April 2005 showed severe bone loss in her hip and normal bone mass in her spine. Calcium replacement therapy was recommended. (Tr. 103). Magnetic resonance imaging (an MRI) of her pelvis showed mild degenerative changes in the sacroiliac joints and a lumbosacral disc protrusion. An MRI of her hips was negative. (Tr. 146).

In addition to her physical complaints, Salas's primary care physician has prescribed Prozac for symptoms of depression. The ALJ, however, found no evidence that Salas's mental impairment was severe. (Tr. 18).

   2. Administrative Hearing

Salas testified that she was 36 years old and a high school graduate. (Tr. 171). She last worked at a cellular phone assembly plant, but the position had been temporary and she was laid off.

(Tr. 78, 172). She testified that she would not have accepted a full-time assembly position even if her employer had offered one because the job required standing and sitting for prolonged periods with insufficient breaks. (Tr. 172-73). She estimated that she had the same capacity for sitting as she did for standing. She did not look for other work after 2003 because her children had medical problems that kept her busy. (Tr. 174).

Salas testified that she had three children. Her children were in school during the day, and she spent that time sleeping or doing housework. In the evening, she helped her children with their homework and prepared dinner. (Tr. 179). Salas continued to take Prozac, but complained that the medication was losing its effectiveness. (Tr. 176-77). She had been given injections to treat bone loss, but she stopped the injections because of the expense. (Tr. 176). She testified that the most severe pain was in her tailbone and pelvis, although chiropractic treatment had proved helpful. Salas also testified that she had recently begun a diet to lose weight and manage her hypoglycemia.

Vocational expert Donna Humphries testified that Salas's past work included sales secretary, which was skilled, sedentary work; fast food worker, which was unskilled, light work; stock clerk, which was unskilled, medium work; and clerical positions, which were semi-skilled and sedentary to light in exertion. (Tr. 182-83). The ALJ asked Humphries to consider a claimant limited to sedentary work that permitted a change in positions every thirty minutes or so and was composed of a variety of duties rather than one constant duty all day long. Humphries testified that Salas's previous work as a sales secretary would satisfy these requirements. (Tr. 183).

3. ALJ Decision

The ALJ found that Salas had not engaged in substantial gainful activity since December 15,

2001. He further found that her arthralgias were a severe impairment, but did not meet or medically equal the criteria of any listed impairment. (Tr. 17-18). Instead, he found that Salas, through the date she was last insured for benefits, had retained the ability to lift, carry, push, or pull up to ten pounds; stand or walk for about six hours per eight-hour workday; sit for about six hours in an eight-hour workday, with changes in position every thirty minutes; and perform a job involving a variety of duties. (Tr. 18). Based on the vocational expert's testimony, the ALJ found that Salas's residual functional capacity was compatible with the performance of her past relevant work as a sales secretary. Accordingly, he found that Salas was not disabled at any time through the date she was last insured for disability insurance benefits. (Tr. 20).

E. DISCUSSION

1. Medically Determinable Impairments

Salas contends that the ALJ erred because he failed to consider the effects of obesity in evaluating her disability claim. Obesity is a consideration at all stages of the disability review process. SOCIAL SECURITY RULING 02-1p. An individual with obesity may be found disabled if she has another impairment that, by itself or in combination with obesity, meets the requirements of a listing. *Id.* Obesity may increase the severity of coexisting or related impairments, especially musculoskeletal, respiratory, and cardiovascular impairments, to the extent that the combination of impairments meets the requirements of a listing. Obesity is also a relevant consideration during the later steps of the evaluation process because obesity can cause limitation of function and can affect a person's ability to sustain a function over time. *Id*. However, the Commissioner does not make any assumptions about the severity or functional effects of obesity combined with other

impairments, and each case must be decided on its own record. *Id*.

Social Security Rulings are published under authority of the Commissioner and are binding on the Administration. *Hall v. Schweiker*, 660 F.2d 116, 119 n.4 (5th Cir. [Unit A] 1981)(per curiam). An agency must follow its own procedures, even if those procedures are more rigorous than what would otherwise be required. *Hall*, 660 F.2d at 119, *cited in Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). Should the agency violate its internal rules and prejudice result, the proceedings are tainted and any action taken cannot stand. *Hall*, 660 F.2d at 119.

The medical records indicate that Salas is 5'5" and weighed 233 pounds in 2003. (Tr. 103). The ALJ did not address the issue of obesity or mention Salas's weight in his decision, which is contrary to Ruling 02-1p. But this error does not constitute reversible error absent a showing of prejudice. Salas did not allege obesity as a basis for her disability application, she does not show that consideration of the obesity issue would have changed the outcome, and no medical source has attributed any functional limitations to her obesity. While obesity may affect the individual's physical and mental ability to sustain work activity, there is no evidence in the record to demonstrate that Salas's obesity exacerbates the severity or functional limitations imposed by her impairments.

Salas's complaint that the ALJ failed to consider obesity does not present a basis for overturning the Commissioner's decision. Salas does not otherwise contend that the ALJ's determination that she was not disabled at any time before December 2003 is unsupported by substantial evidence or contrary to law.

2. Disability After December 31, 2003

Salas complains that the ALJ should have considered whether she was disabled at any time

after the date she was last insured for benefits because she also applied for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Insured status is not relevant to a claim for SSI benefits; however, SSI benefits cannot be paid for the time preceding an application for benefits even if disability began earlier. *See* 20 C.F.R. § 416.335.

The Commissioner asserts that the ALJ had good reason for not addressing whether Salas was disabled at any after December 31, 2003, because Salas's SSI application was not before the ALJ. Salas filed an application for SSI benefits on May 26, 2005, but that claim was denied initially based on her family income. (Def. Br. Attach. A). *See generally* 20 C.F.R. § 416.1100 (addressing income requirements for SSI eligibility). There is no evidence that she timely requested review of that determination. Accordingly, the issue of Salas's eligibility for SSI payments was not before the ALJ, and the ALJ was not required to address the existence of disability after December 2003.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until November 26, 2008. The United States District Judge need

only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until November 26, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED NOVEMBER 5, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE